## Shook v. Bauer Cooperage Company.

(Decided June 13, 1912.)

### Appeal from Wayne Circuit Court.

Master and Servant—Sufficiency of Petition.—In a suit by a servant against the master to recover damages for injuries received, the petition averred that the servant received the injuries while removing staves from a saw, and that his injuries were due to the negligence of the master in failing to warn him of the danger and in failing to box or protect the saw; Held, That these unsupported averments were not sufficient to constitute a cause of action.

JOE BERTRAM for appellant.

KENNEDY & KENNEDY for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

The only question in this case is whether or not the petition and amended petition filed by the appellant, Shook, as plaintiff below, against the appellee company, defendant below, stated a good cause of action. A general demurrer was sustained to these pleadings, and declining to plead further the plaintiff prosecutes this appeal.

The petition set out that the defendant company was engaged in the manufacture of staves, and that in April, 1911, Shook, was in the employment of the company engaged "in removing the ends of the stave bolts as they were being sawed off by the right hand equalizer saw, one of the set of saws setting in a frame 36 inches apart and used to saw off stave bolts." He averred "that while he was in the line of his employment, removing the ends of the stave bolts as they were being sawed off, and without any fault on his part, the said saw from under which he was removing the ends of the bolts caught one of them after it had been sawed off, and through and by reason of the carelessness and negligence of the defendant in failing to have the said saw boxed, or a protector between him and said saw, it threw the end of said bolt so caught by it against his face, inflicting on him painful wounds and injuries."

In the amended petition the plaintiff averred "that at the time he was so employed by the defendant or was put to work removing the ends of said stave bolts from

under said equalizer saw, he was not warned of the danger to which he was exposed by the defendant, its agents or servants superior in authority to this plaintiff, notwithstanding the defendant then knew and its agents and servants superior in authority knew the danger to which he was exposed, or they could have known of said danger by the exercise of ordinary care; and he says he did not then know of said danger."

It will be observed that the alleged negligence upon which the action is based is the failure of the appellee company to have "the saw boxed or a protector between him and the said saw," and "the failure to warn him of the danger to which he was exposed in operating the saw." There is no averment that appellant was either young or inexperienced, or that the appliances with which he worked were in any respect unsafe, insufficient or defective, except in the particular named.

There is no charge of negligence on the part of the person operating the saw or of any person superior in authority to appellant. The plaintiff may have been, and in the absence of averments to the contrary we assume was, an experienced and capable man, familiar with the operation of the machine at or with which he was working, and, this being so, there was no occasion to warn him of the danger of being struck by the timber. There is no averment that the condition of the saw made it unsafe and dangerous to operate in the manner it was being operated, or that this dangerous condition could have been obviated by the exercise of ordinary care on the part of the cooperage company. Nor does it appear from the petition that if the saw had been boxed or protected, the appellant would not have been injured. We do not think the unsupported averments that it was negligence to fail to box or protect the saw, or to warn the appellant, were in themselves sufficient to constitute the basis of a cause of action.

Wherefore, the judgment is affirmed.